[No. 2,698.]

JOHN BUSH, Administrator of the Estate of Elizabeth Keller, Deceased, v. J. H. LINDSEY, Administrator of the Estate of Michael Keller, Deceased.

Jurisdiction of Probate Court.—The Probate Court has no authority to cite the administrator of an administrator to settle the account of his intestate with the estate of which he was the administrator.

Idem.—The Constitution does not confer on the Probate Court jurisdiction of all matters relating to the estates of deceased persons, but of such matters only as the statute directs it to exercise jurisdiction over.

Jurisdiction of District Courts in Probate Matters.—The District Courts have jurisdiction of actions against the administrator of an administrator, to settle the account of his intestate with the estate of which he was the administrator. This jurisdiction arises out of the equity powers of District Courts.

Idem.—In such case an action on the bond of the deceased administrator (even if it might be maintained) is not the sole remedy, but a claim may be presented to the administrator, and, if rejected, a suit may be brought on it.

Omission to Provide for Children in Will.—If the testator, in his will, devise his property to his grandson, the son of his deceased son, and the testator has children living, it does not show, as matter of construction of the will, that his children were brought to his recollection, and that his omission to provide for them in his will was intentional.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

The plaintiff appealed from the order granting a new trial. The other facts are stated in the opinion.

*W. C. Burnett*, for Appellant.

It is not necessary that there should be a settlement had of the accounts of the estate of Elizabeth Keller, and a sum of money found to be due from respondent's intestate, in order to a recovery herein. The duty of appellant is not to render to the persons interested in the estate an account showing what claims are due to the estate, nor to fold his hands; on the other hand, he is to be active in their collec-

tion and protection, and to institute suits therefor. (Secs. 194, 195, 196, 197, 199.)

No provision is made by statute that an accounting shall be had before suits shall be commenced upon the bond of a former executor or administrator of the same estate, under section one hundred and ninety-nine. There is no reason for an accounting before suit brought against the administrator of the estate of a deceased person that is not as cogent in the event of a suit against the bondsmen of such deceased person as executor of the same estate. We find the authority for this suit, without an accounting, especially by section one hundred and ninety-seven. (See *Estate of Jean Garrand, deceased,* 35 Cal. 338.)

In this State no executor of an executor can, as such, be authorized to administer upon the estate of the first testator. (Prob. Act, Sec. 45.) No accounting can be had in case of the death of Michael, executor of the estate of Elizabeth Keller, deceased, because there is no one to render the account.

*James C. Carey,* for Respondent.

The subject matter of the action involves the settlement of the accounts of an administrator.

The necessities of the plaintiff's case required an investigation of the accounts of Michael Keller as administrator. As administrator he had a right to collect and retain the rents and money belonging to the estate of his testatrix; until settlement had or inquiry of some sort before some tribunal into his accounts there could be no claim or judgment rendered against his estate. Indeed, there could be no conversion without an adjustment of his accounts showing a balance in his hands at his death belonging to the estate of his grandmother, and that in part did in fact take place on the trial in the District Court.

If, then, this action involves the settlement of the account

of an administrator, the District Court had no jurisdiction of the subject matter, and its judgment cannot stand. The Probate Court has exclusive jurisdiction of the settlement of accounts of administrators, except where there may be special grounds, and which must be alleged in the bill, for equitable cognizance to give jurisdiction to the District Courts. (*Gurnee* v. *Maloney*, 38 Cal. 87; *Matter of Will of Bowen*, 34 Cal. 688; *Deck* v. *Gerke*, 12 Cal. 435; *Pond* v. *Pond*, 10 Cal. 500.)

The remedy of the appellant is on the bond of Michael Keller, executed by him as administrator of the estate of his testatrix. The fact that the administrator is dead does not discharge his sureties. Every estate has thus the means of protection within itself. (*Murphy* v. *Menard*, 11 Texas, 673.)

To permit this judgment to stand, is in fact to take the assets of the estate of Michael Keller from its creditors and persons entitled, and to transfer them to the estate of Elizabeth, either for distribution, or to pay the debts of that estate. The bond was given to prevent a raid of this sort.

It appears from the will itself that the omission by the testatrix to provide for her children was intentional. She passed her children and made her grandson the object of her bounty. The language of the will is: "I devise and bequeath all my real and personal property * * * to my grandson, Michael Keller."

This particular and exact mention of her grandson most assuredly must have brought her children to her recollection, and the inference is irresistible that the omission to provide for them was intended on her part.

The cases sustain this construction of a will so worded. (*Wild* v. *Brewer*, 2 Mass. 569; *Wilder* v. *Goss*, 14 Mass. 357.)

By the Court, RHODES, J.:

Elizabeth Keller died, leaving a will by which she devised and bequeathed all her real and personal property, except her wearing apparel, to her grandson, Michael Keller. The devisee was appointed administrator, with the will annexed, took charge of the estate, collected rents, etc., and died without having filed an account of his administration. The plaintiff was appointed as the administrator *de bonis non* of Elizabeth Keller's estate, and the defendant was appointed as the administrator of Michael Keller's estate. The plaintiff, as administrator, presented to the defendant the claim of the estate of Elizabeth Keller against the estate of Michael Keller, for the money and personal property of the estate of Elizabeth Keller, which had been received by Michael Keller; and the claim having been rejected by the defendant, this action was commenced. The Court rendered judgment for the plaintiff, and afterward, on the defendant's motion, granted a new trial on a statement which is worthy of great commendation, for the brevity and clearness with which it states the facts which were admitted or proven in the case.

The grounds on which the new trial was granted are not stated. We shall, therefore, notice the points of the respondent.

The first and second points are: That as the subject matter of the action involves the settlement of the account of Michael Keller, as the administrator of the estate of Elizabeth Keller, jurisdiction pertains exclusively to the Probate Court.

We are referred to no provision of the Probate Act, which authorizes the Probate Court to cite the administrator of an administrator, to settle the account of his intestate with the estate of which he was the administrator, and, after a careful examination of the Act, we find none which confers that

authority. The power must be lodged in some tribunal, to require such an account to be taken and settled; and if the Probate Court does not possess it, it must reside in the District Court, as a branch of its equitable jurisdiction. Those who are interested in the estate have an undoubted right to recover from the administrator the money and property remaining in his hands, which belong to the estate; and in order to ascertain the amount of such money and property, an account must be taken. Proceedings having that object in view, bear clearly marked equitable features, and jurisdiction thereof pertains to the District Court; and that Court has competent authority to hear and determine the matter, unless the Probate Court possesses the exclusive jurisdiction. While the Probate Court possesses generally probate jurisdiction, as was said *In Matter of Will of Bowen*, 34 Cal. 688, and *Gurnee* v. *Maloney*, 38 Cal. 87, yet it is not said in those cases, nor in view of the language of the section of the Constitution conferring probate jurisdiction can it be held, that the Probate Court has jurisdiction of all matters relating to the estates of deceased persons. The clause of section eight, Article VI, of the Constitution, conferring jurisdiction, is as follows: "The County Judges shall also hold in their respective counties Probate Courts, and perform such duties as Probate Judges as may be prescribed by law." The aid of the statute is requisite, in order to afford the Probate Courts the necessary means — to prescribe the mode—for the exercise of their jurisdiction. The statute might, perhaps with propriety, have provided for the determination, by the Probate Courts, of controversies like that at bar; but that it has not so provided is a sufficient ground for holding that the Court has no jurisdiction to cite the administrator, and compel a settlement of his intestate's account with the estate which had been in his charge.

The third point is: That the plaintiff's only remedy is a suit on Michael Keller's bond as administrator. Conceding

that an action on the bond might be maintained, we see no ground for holding that such remedy is his sole remedy; and even in that action the taking of the account would be indispensable to a recovery on the bond. In the authority cited in support of this position, that point was not presented, discussed, or decided.

The fourth point presents a question of fact, and upon an examination of the statement on new trial, it does not appear to be well taken.

The fifth point involves the sixth, and cannot be sustained unless the latter is maintainable. They relate to the construction of the will of Elizabeth Keller. The words of the will are: "I hereby give, devise, and bequeath all my real and personal property, with the exception of my wearing apparel, to my grandson, Michael Keller." The testatrix left children surviving her, and who still survive, of the age of twenty-one years and upwards. Michael Keller's father, who was a son of the testatrix, died before said will was made. The testatrix mentioned none of her children in her will. The defendant's position is, that the omission on the part of the testatrix, to provide in her will for her children, was intentional, and in support of it he argues, that as the testatrix mentions her grandson, it must be held as a matter of construction, that her children were brought to her recollection, and that therefore her omission to provide for them in her will was intentional. The argument cannot be supported on principle, and no authority has been brought to our notice which sustains it.

Order reversed and cause remanded.