[No. 18126. Department Two. — October 7, 1893.]

IDA RHOTON ET AL., MINORS, BY THEIR GUARDIAN, ETC., RESPONDENTS, *v.* ONA BLEVIN, EXECUTRIX, ETC., APPELLANT.

WILL — EXCLUSIVE BEQUEST TO WIFE — INTENTIONAL OMISSION OF GRANDCHILDREN. — The intention of a testator to bequeath and devise all his property to his wife to the exclusion of the issue of his deceased children, as well as his chil1ren, is clearly apparent from the terms of a will bequeathing all the testator's property to his wife, which recites that the testator knows that she "will ever continue the same kind, devoted mother to our children which she has so thoroughly proven herself on all occasions. I make no provisions for said children further than herein mentioned," and "in thus bequeathing all my estate to my wife to the exclusion of all my chidren, I am moved by no want of paternal affection for any of said children, but by the belief that their own interests will be better served thereby, and well knowing that my wife will make the best use and disposition of the estate."

ID. — TERMS OF WILL MUST SHOW INTENTION TO OMIT. — In the determination of the question as to whether or not the children of the deceased children of a testator were intentionally omitted from the will, the face of the will itself must be looked to, and in order to show that the omission was intentional the words of the will must show that the testator had the persons omitted in his mind, and having them so in his mind, has omitted them from the provisions of the will.

ID. — "CHILDREN" MAY INCLUDE GRANDCHILDREN. — Though the term "children" must ordinarily be presumed to have been used in a will in its primary and natural sense, yet where the will on its face, taken as a whole, clearly indicates an intent in the mind of the testator at the time of making of the will to use the terms in an enlarged sense, so as to include the issue of deceased children, it will be so interpreted.

ID. — CONSTRUCTION OF WILL — INTENTION OF TESTATOR. — A will is to be construed according to the intention of the testator; and if his intention cannot have effect to its full extent it must have effect as far as possible.

ID. — EFFECT TO BE GIVEN TO EVERY EXPRESSION. — The words of a will are to receive an interpretation which will give to every expression some effect, rather than one which will render any of the expressions inoperative.

APPEAL from a judgment of the Superior Court of Sutter County.

The facts are stated in the opinion.

*J. H. Craddock*, for Appellant.

*R. E. Robinson*, for Respondents.

SEARLS, C. — This action was brought by Ida Rhoton and Elenora Rhoton, minor children of Amanda Rhoton, deceased, and Marion Sitton, a minor child of Eliza Sitton, deceased, to construe the last will of William T. Blevin, deceased. William T. Blevin, deceased, was a resident of the county of Sutter, and

on the twenty-eighth day of April, A. D. 1888, made, executed, and published his last will and testament in which the following language is used:—

"First knowing that my beloved wife, Ona Blevin, will ever continue the same kind, devoted mother to our children which she has so thoroughly proven herself on all occasions, I make no provisions for said children further than herein mentioned, but I grant, give, and bequeath to my said beloved wife, Ona Blevin, all and singular the property, real, personal, and mixed, wheresoever situated, and all moneys, goods, and chattels of whatsoever name, nature, or description, belonging to me of which I may die possessed, or to the possession of which I may be in any manner entitled.

"In thus bequeathing all my estate to my wife to the exclusion of all my children, I am moved by no want of paternal affection for any of said children, but by the belief that their own interests will be better served thereby, and well knowing that my wife will make the best use and disposition of the estate which her industry has largely contributed to acquire."

The testator then proceeds to appoint his wife, Ona Blevin, as the sole executrix of the will, to act as such without giving bonds or security, and confers upon her power and authority to lease, sell, and dispose of all the property, real or personal, absolutely, without applying to any court for permission so to do, and generally confers upon her all the powers necessary and requisite to dispose of the property, pay his debts, etc.

At the time of making said will, and on the ninth day of January, 1889, at which time the said William T. Blevin departed this life at Sutter County, California, he left surviving him as his next of kin and heirs-at-law besides Ona Blevin, his wife, four children of full age, and the plaintiffs herein, who were his grandchildren and the children respectively of Amanda Rhoton and Eliza Sitton aforesaid, deceased, daughters of the said William T. Blevin and one Ona Blevin. The will is set out in full in the complaint, to which complaint the defendant demurred upon the grounds: 1. That the complaint did not state facts sufficient to constitute a cause of action against defendant. 2. That it appears from the copy of the will set out in the petition that testator did not omit to provide in his

will for the petitioners herein, being the issue of his deceased children. 3. That if the testator omitted to provide for petitioners herein as the issue of his deceased children, it further appears from said will that such omission was intentional on the part of said testator.

The demurrer was overruled by the court, and, defendant declining to answer, a judgment was entered in which it was decreed and determined that the petitioners or plaintiffs herein are heirs of said William T. Blevin, deceased, and as such are entitled to succeed to the same shares of the estate of the said deceased as they would have succeeded to had he died intestate, viz.: the said Ida Rhoton and the said Elenora Rhoton to an undivided one-eighteenth (1–18) interest or share each in said estate; and the said Marion Sitton an undivided one-ninth (1–9) interest or share in said estate; and that, upon a final settlement and distribution of the residue of said estate, they received their shares or proportions thereof accordingly.

The contention of respondents is that being grandchildren of the testator, William T. Blevin, whose parents are not living, and the testator having failed in his will to make any provision for them, and that it failing to appear that such omission was intentional, they are entitled under section 1307 of the Civil Code to the same share or interest in his estate as if he had died intestate. Section 1307 is as follows: "When any testator omits to provide in his will for any of his children, or for the issue of any deceased child, unless it appears that such omission was intentional, said child or the issue of such child must have the same share in the estate of the testator as if he had died intestate, and succeeds thereto as provided in the preceding section."

It will be perceived from the foregoing section that a child or children and the issue of any deceased child or children are placed in the same category, so far that if omitted to be provided for in the will they are entitled to a share in the estate as though no will had been made, unless it appears that such omission was intentional. We must look to the face of the will itself to determine the question whether or not the petitioners were intentionally omitted therefrom by the testator. The correct rule is said to be that the words of the will must show that

the testator had the person omitted in his mind, and, having him so in his mind, has omitted him from the provisions of his will. (*Estate of Garraud*, 35 Cal. 339; *In re Stevens*, 83 Cal. 322; 17 Am. St. Rep. 252, and cases there cited.)

"A will is to be construed according to the intention of the testator. Where his intention cannot have effect to its full extent it must have effect as far as possible." (Civ. Code, sec. 1317.) Again, "The words of a will are to receive an interpretation which will give to every expression some effect, rather than one which will render any of the expressions inoperative." (Civ. Code, sec. 1325.)

The intention of the testator in this instance to bequeath and devise all his property to his wife is about as clearly apparent as language could render it.

Having full faith in his wife, and satisfied that she would "ever continue the same kind, devoted mother to our children which she has so thoroughly proven herself on all occasions," he makes no provision for said children, but proceeds to devise all his property to his said wife, and then again declares that he is not moved to this action by want of paternal affection, but by the belief that the interests of the children will be best subserved by this course.

Having thus photographed his intention to exclude all his children, and given satisfactory reasons therefor, reasons which apply as clearly to the children of his deceased daughters, his grandchildren, as to his immediate children, we are satisfied that a construction which eliminates from the class of those prescribed, his grandchildren, however grammatical the construction may be, violates the clear intention of the testator, which was to use the word "children" in an enlarged sense, including alike children and grandchildren, and at the same time violates the principle of interpretation which requires effect to be given to every expression in a will.

We do not doubt but that the terms "children," "grandchildren," "nephew," "niece," "cousin," or any similar term, must ordinarily be presumed to have been used in its primary and natural sense, and that this sense cannot be enlarged or qualified, unless there be something on the face of the will clearly indicating such intent in the mind of the testator at the time of mak-

ing the will. In gathering this intent of the testator, the necessity of enlarging or modifying terms of this character, in order to give effect and operation to the will, is a consideration not to be overlooked.

The only question here is, Did the testator *intentionally* omit to provide in the will for the issue of his deceased children, and does that intention appear upon the face of the will?

We think the will, taken together, shows that the term "children" was used in that enlarged sense which includes descendants of the second as well as of the first degree, and that the grandchildren, who are plaintiffs here, are precluded by the will from any share in the estate. (*In re Schedel,* 73 Cal. 594.)

It follows that the judgment of the court below should be reversed; and the court directed to sustain the demurrer to the complaint.

TEMPLE, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the judgment is reversed, and the court below directed to sustain the demurrer to the complaint.

McFARLAND, J., FITZGERALD, J., DE HAVEN, J.