[No. 18454. Department One.—July 2, 1895.]

## In the Matter of the Estate of CUTLER SALMON, Deceased.

WILL—PRETERMITTED HEIRS—INTENTION OF TESTATOR—PAROL EVIDENCE.
Parol evidence is inadmissible to prove that the omission of the testator to provide in his will for any of his children, or for the issue of any of the deceased children, was intentional, and the face of the will itself can only be looked to to determine his intention.

ID.—MENTION OF WIDOWS OF DECEASED SONS—OMISSION OF GRANDCHILDREN.—The fact that the testator mentioned in the will the widows of his deceased sons, the mothers of the omitted grandchildren, is not sufficient to show that he had his grandchildren in mind, and does not rebut the presumption that they were forgotten, or show that the omission was intentional.

APPEAL from a decree of distribution of the estate of Cutler Salmon, deceased, in the Superior Court of San Joaquin County.

The facts are stated in the opinion of the court.

*W. B. Nutter, Marion De Vries,* and *James H. & John E. Budd,* for Appellants.

The testimony was admissible to show the circumstances under which the will was made. (Code Civ. Proc., sec. 1860.) It is admissible to prove how the terms of the will were understood, and that the bequest to the widows was intended to be a bequest to the families of the deceased sons, and that the omission of the grandchildren was intentional. (Code Civ. Proc., sec. 1861; *Herbert* v. *Reid,* 16 Ves. 484; *Goodtitle* v. *Southern,* 1 Maule & Selwyn, 298; *Wilder* v. *Goss,* 14 Mass. 357; *Merrill* v. *Sanborn,* 2 N. H. 499; *Hockensmith* v. *Slusher,* 26 Mo. 237; *Guitar* v. *Gordon,* 17 Mo. 408; *Loring* v. *Marsh,* 2 Cliff. 469; *Eighmy* v. *People,* 79 N. Y. 558; *Ramsdill* v. *Wentworth,* 101 Mass. 125; *Buckley* v. *Gerard,* 123 Mass. 8; *Wilson* v. *Fosket,* 6 Met. 400; 39 Am. Dec. 736; *Lorieux* v. *Keller,* 5 Iowa, 196; 68 Am. Dec. 696; *Snyder* v. *Warbasse,* 11 N. J. Eq. 466; *Payne* v. *Payne,* 18 Cal. 292, 303.)

*Nicol & Orr*, for Respondents.

The intention of the testator to exclude a child, or the issue of a child, from the provisions of his will, must appear by the will only, and parol evidence is inadmissible to show an intentional omission. (Civ. Code, sec. 1307; *Estate of Garraud*, 35 Cal. 336; *Estate of Utz*, 43 Cal. 200; *Bush* v. *Lindsey*, 44 Cal. 121; *Estate of Wardell*, 57 Cal. 492; *In re Stevens*, 83 Cal. 323; 17 Am. St. Rep. 252; *Rhoton* v. *Blevin*, 99 Cal. 647; *Chace* v. *Chace*, 6 R. I. 407; 78 Am. Dec. 446.) The mention of one near relation is not sufficient to rebut the presumption that the omission was intentional. (*Bush* v. *Lindsey*, 44 Cal. 121; *Pounds* v. *Dale*, 48 Mo. 270; *Gage* v. *Gage*, 29 N. H. 533; *Tucker* v. *Boston*, 18 Pick. 167.)

VAN FLEET, J.—Decedent failed to mention or provide in his will for certain grandchildren, the issue of two deceased sons, John and Alexander. He did, however, leave a small legacy to the widow of each of said sons, the mothers of his said grandchildren. On distribution the omitted grandchildren claimed and were given the share of said estate which they would have taken had the decedent died intestate. Certain of the devisees appeal from the decree.

At the hearing in the court below appellants offered evidence to the effect that the testator, in giving directions for the drafting of his will, stated that his son Alexander's estate had cost him six thousand dollars and trouble, and that he would not give that family any thing, but would give Alexander's widow five hundred dollars. That as for John's family, he would give the widow one thousand dollars, but the boys must look out for themselves. This evidence was excluded, and its exclusion is assigned as error.

The question involved is whether evidence, extrinsic of the language of the will itself, can be resorted to for the purpose of determining whether the omission of one, entitled, in the event of intestacy, to take of the estate, was intentional on the part of the testator, the

presumption being that it was not.    The question is not
a new one in this state.    Section 1307 of the Civil Code
provides: " When any testator omits to provide in his
will for any of his children, or for the issue of any
deceased child, unless it appears that such omission was
intentional, such child, or the issue of such child, must
have the same share in the estate of the testator as if he
had died intestate," etc.    This provision was a part of
the statute of wills before the adoption of the codes, and
first received a construction at the hands of this court
in *Estate of Garraud*, 35 Cal. 336.    In that case it was
held, after quite an extended review of the authorities
and the principles involved, that the statute did not
modify the common-law rule upon the subject, which
limited the investigation for determining the testator's
intention to the face of the will; and that parol evi-
dence was not admissible for such purpose.    After re-
ferring to this and other provisions of the statute, it
is there said: " These provisions exhibit the intention
of the legislature, not only to adhere to the safeguards
which the common law provided as a protection against
fraud, but rather to increase and strengthen them by
new enactments.    With this view, nothing short of an
explicit enactment, leaving no room for construction,
would lead us to the conclusion that the legislature in-
tended to substitute for the written will, as the expo-
nent of the testator's intentions, the loose and always
uncertain evidence of acts and declarations resting in
parol, and which are liable to be perverted by the frail
memories, obtuse understandings, or fraudulent motives
of persons called to testify after the death of the testator."

The rule there announced has since remained the law
of this state and is distinctly sustained and reaffirmed
in the more recent case of *In re Stevens*, 83 Cal. 323,
17 Am. St. Rep. 252, where the question arose under
precisely similar circumstances as in the case at bar.
There the testator had left his entire estate to his wife,
without mentioning his two children.    In the contest
for a share of the estate made by one of the latter the

widow offered to show, by the declarations of the testator made contemporaneously with the writing and execution of his will, that his children were intentionally omitted, but the evidence was not admitted. In reviewing the action of the lower court it is said: "The decision of this court in Garraud's case has stood too long without challenge to be overruled without very strong reasons. It is sustained by very powerful reasoning in the able opinion of Justice Crockett. We think it our duty to follow it, and, in accordance with the rule there declared, we must hold that the court below did not err in excluding the offered declarations of the testator."

It is further contended, however, that the fact that the testator mentions the widows of his deceased sons, the mothers of the omitted grandchildren, is sufficient, of itself, to show, without resort to extrinsic facts, that the testator had his grandchildren in his mind, and rebuts the presumption that they were forgotten. This position is equally untenable with the first. While the authorities of other states are far from being uniform or harmonious upon the subject, it is well settled in this state that the mere fact that a testator mentions one closely related by blood or intimately associated in family relations with the omitted heir, does not show, as matter of construction, that the omitted one was in his mind and that the omission was intentional. (*Estate of Utz*, 43 Cal. 200; *Bush* v. *Lindsey*, 44 Cal. 121; *In re Stevens, supra*.) In *Bush* v. *Lindsey, supra*, the testator devised his property to the child of a deceased son, but did not mention children of the testator then living. It was held that this did not show that he had his children in mind and intended to omit them. In *In re Stevens, supra*, the testator failed to mention or provide for his daughter, but left a legacy to her child, the testator's grandson; and it was held that the fact that he mentioned his daughter's child did not necessarily imply that the daughter was in his mind, and she was permitted to take as a pretermitted heir.

We think the court was correct in its ruling upon the

offered evidence and upon the construction of the will, and that the decree should be affirmed.

It is so ordered.

HARRISON, J., and GAROUTTE, J., concurred.