MARIE B. FAUCHER *et al. vs.* MARIE L. BOUCHARD *et al.*

JANUARY 12, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)  Wills.  Omission to mention Children.*

Testator devised a lot of land to X., widow of a deceased son of testator and her children.  Thereafter testator sold the lot to X.:—

*Held*, that the grandchildren were not within the provisions of Gen. Laws, 1923, cap. 298, sec. 22, for their failure to receive anything was not because of an omission in the will, but by a failure of the devise due to the subsequent act of testator, and the only conclusion from the facts was that testator intended that they should take nothing under the will.

*(2)  Wills.  Dower.*

By residuary clause of will testator provided that his executor should sell his estate and divide the proceeds equally among a son, a daughter and his widow:—

*Held*, that the widow was not entitled to have dower assigned to her in addition to the testamentary gift, as the intention to give the widow an equal share with the son and daughter was unmistakable, and the widow must elect between the gift and her dower.

*(3)  Wills.  Dower.*

The law favors the right of dower on grounds of public policy and this right of the widow should be carefully protected, but this principle should not be used to modify the terms of a will if testator's intention is clearly expressed therein.

BILL IN EQUITY for construction of will.  Certified under Gen. Laws, 1923, cap. 339, sec. 35.

STEARNS, J.  This is a bill in equity for the construction of a will, which being ready for hearing for final decree, has been certified to this court (G. L. 1923, C. 339, s. 35).

Octave Bouchard, the testator, died March 20, 1924, and his will was duly probated.  Testator was married twice. The complainants, the daughter and the son of testator by his first marriage, are the executrix and executor of the will. The respondents are Marie L. Bouchard, the second wife of testator, and the children of Damase Bouchard, a son of testator who died before testator's decease.  There were no children by the second marriage.

In the first clause of the will, testator provides for the payment of his debts. In the second clause two specific bequests of $1,400 each are made. The third and fourth clauses are as follows: "Third -: I give, devise and bequeath to Marie Guilmette, widow of Damase Bouchard, and her children, to them, their heirs and assigns forever a certain lot of land with all the improvements thereon situated in Providence" (then follows the description). "Fourth: All the rest, residue and remainder of my real and personal estate of which I may be seised and possessed or to which I may be entitled at my decease, I direct that my executrix hereinafter named shall sell within a reasonable time after my decease and the proceeds realized from the sale of such property shall be divided into three equal shares; one share to be paid to my son Eusebe Bouchard, one share to my daughter Marie Faucher, one share to my wife Marie L. Bouchard."

The two questions presented are (1) whether the children of Damase Bouchard have any interest in testator's estate and (2) whether the widow is entitled to have dower assigned to her out of testator's estate in addition to the testamentary gift to her by the fourth clause.

(1)    We answer the first question in the negative. General Laws, 1923, C. 298, s. 22, provides that when a testator omits to provide in his will for any of his children or for the issue of a deceased child, they shall take the same share of his estate that they would have been entitled to if he had died intestate, unless it appears that the omission was intentional and not occasioned by accident or mistake. Two months after making his will, testator sold the land devised by the third clause, to Marie Bouchard, the widow of his son Damase. The grandchildren claim there is an omission to provide for them in the will because they receive nothing thereunder. The "omission to provide" of the statute refers to a provision made in the will, not to the actual receipt of property by the children or issue of a deceased child. The devise in the third clause was to the son's widow and her

children. The latter received nothing, not because of an omission in the will but by a failure of the devise due to the subsequent act of the testator. The only conclusion from the facts is that testator intended that the grandchildren mentioned in his will should take nothing under the will. It appears that the testator also made a bank deposit for each of his grandchildren on the same day after the execution of his will. But it is unnecessary to resort to parol evidence to ascertain testator's intention, as the terms of the will dispose of respondents' contention.

(2)    We answer the second question in the negative. The widow must elect whether she will take dower, or in lieu thereof, an equal share of the residuary estate with complainants under the fourth clause. The executrix is directed by the will to sell the residue and remainder of both personal and real estate, to divide the proceeds into three equal shares and to pay one share to the son, one share to the daughter and one share to the widow. The intention to give the widow an equal share with the son and daughter, no more, no less, is unmistakable if we consider only the language of the will. Any question in regard to testator's intention arises not from any ambiguity in the terms of the will, but from consideration of the widow's right of dower which is independent of the will. The law favors the right of dower on grounds of public policy, and this right of the widow

(3) should be carefully protected. But this salutary principle in our judgment should not be used to modify the terms of a will if the testator's intention is clearly expressed therein. It is possible to sell the real estate subject to the dower right, and to allow the widow to have both dower and an equal share in the proceeds, on the theory that as testator could not dispose of his real estate free of dower the presumption is that it was his intention to dispose only of what he could lawfully devise. But such a presumption is one of fact, not of law; its weight is dependent on the facts of each case. To allow the widow to take her dower in addi-

tion to her share of the residuary estate in this case, would destroy the equality between the children and the widow which testator, we think, clearly intended.   In *Purcell for an Opinion*, 25 R. I. 553, the testator devised his real estate to his wife A. and to his children B., C., D., E., F. and G., their heirs and assigns forever, share and share alike.   It was held that the language used by the testator was plain and unambiguous; that the testator intended thereby absolute equality in his gift and that he must have intended the provision for the wife to be in lieu of dower, as otherwise the children would take less than the widow, and thus the devisees would not "share and share alike" as the will provides that they shall; that the widow must elect between the dower and the devise.   See also *Durfee et al., Petrs.*, 14 R. I. 47; *Cook for an Opinion*, 30 R. I. 494.

The parties may present a form of decree in accordance with our opinion, for approval by this court, to be ordered entered in the Superior Court.

*Ambrose Choquet, Cooney & Cooney*, for complainants.

*Archambault & Archambault*, for respondent Marie L. Bouchard.

*Morgan & Morgan*, for other respondents.