**219 P.2d 941**

### In re FELL'S ESTATE.

### No. 7610.

Supreme Court of Idaho.

June 26, 1950.

Lee & Roberts, Rigby, for appellant.

Wm. P. Hemminger, Rigby, for executor.

E. A. Owen, Idaho Falls, John Ferebauer, Idaho Falls, for respondents.

PORTER, Justice.

On August 13, 1946, Thomas Henry Fell died testate in Jefferson County. His last will and testament, dated March 19, 1942, was duly offered for probate. At the time his will was executed and at the time of his decease, testator had eight living sons, one pre-deceased son, two pre-deceased daughters and a number of grandchildren, the issue of his pre-deceased son and daughters.

Donna Grooms, appellant herein, is the daughter of the deceased son of the testator. She duly filed a contest of will in the probate court, setting up as grounds of contest that the will omitted to provide for any of such grandchildren and failed to state strongly and convincingly, and entirely, that it was testator's intention to omit such heirs from his will; and that she as a grandchild and the other grandchildren whose parents had pre-deceased Thomas Henry Fell, were entitled to share in the estate as pretermitted heirs under the provisions of Section 14-320, I.C.

After a hearing, an order was entered by the probate court admitting the will to probate, subject, however, to the omitted grandchildren taking their shares of the estate as if Thomas Henry Fell had died intestate. The order of the probate court was duly appealed by respondents herein to the district court. After trial, a judgment was entered in the district court reversing the order of the probate court, admitting the will to probate and providing that the grandchildren, the issue of Thomas Henry Fell's pre-deceased children, should not share in the estate. Appellant has duly appealed to this court from such judgment entered in the district court.

Paragraph 4 of the will is the only portion thereof material to the issues in this case. Such paragraph reads as follows:

"I direct that my executor shall as soon as possible after my death, sell all my property, both real, personal and mixed, and after the above three paragraphs above have been complied with, he shall distribute said money, after the expenses of *probation* are paid in equal shares to my present living sons, namely; (naming them).

"If one of the above named devisees die, then his share shall *do* in equal shares to his surviving brothers."

Section 14-320, I.C., reads as follows: "When any testator omits to provide in his will for any of his children, or for the issue of any deceased child, unless it appears that such omission was intentional, such child, or the issue of such child, must have the same share in the estate of the testator as if he had died intestate, and succeeds thereto as provided in the preceding section."

In this case, no extrinsic evidence was offered by either party at the hearing in the probate court, or at the trial in the district court. Both parties relied upon the face of the will. Therefore, we are not called upon to determine whether, under the provisions of Section 14-320, I.C., extrinsic evidence can be introduced to show the intention of the testator. On this question the authorities are divided.

Appellant and the other grandchildren in question are not provided for in the will. The question to be determined on this appeal, therefore, is whether it appears from any provision or provisions in the will that the omission by testator to provide for such grandchildren was intentional.

The authorities deciding when an omission in a will to provide for heirs was intentional or unintentional and suggesting the various rules of construction to be applied, are largely collected in the annotations appearing in 65 A.L.R. 472 and 152 A.L.R. 723. Many of the decisions therein annotated deal with statutes containing provisions somewhat different from our Section 14-320, I.C.; or with cases where extrinsic evidence was admitted to show the intention of the testator. The decisions in California, under a statute originally identical with ours, but amended in 1931 in a manner not material in this case, and where extrinsic evidence is not admissible, are especially in point. Likewise in point are decisions from other jurisdictions having statutes similar or identical with our statute, where extrinsic evidence was not in fact introduced.

From such decisions, it appears that the rules of construction hereinafter mentioned are generally recognized and applied.

Where a child or the issue of a deceased child is not provided for in a will, the presumption is that the omission was unintentional. It is presumed that the testator will not intentionally neglect or omit to provide for the natural recipients of his bounty. In re Salmon's Estate, 107 Cal. 614, 40 P. 1030, 48 Am.St.Rep. 164; In re

Newell's Estate, 78 Utah 463, 5 P.2d 230; In re Parrott's Estate, 45 Nev. 318, 203 P. 258.

In order for it to appear that the pretermitted heir was intentionally not provided for, it must appear from the words of the will that the testator had the omitted heir *in mind* at the time the will was drawn and *intentionally* omitted such heir from the will. It is not enough that the testator had in mind the omitted heir but he must manifest his intention to omit such heir by the terms of the will. The intention to omit to provide for such heir must be indicated in direct language or by language from which an inference equally as strong may be drawn. The presence of such intention is not the subject of guess, surmise or conjecture. In re Steven's Estate, 83 Cal. 322, 23 P. 379, 17 Am.St.Rep. 252; In re Price's Estate, 56 Cal.App.2d 335, 132 P.2d 485.

In the case of In re Steven's Estate, supra, the testator left all his property to his wife with a request that she invest a certain sum for the benefit of a grandson. The will did not mention a daughter of the testator. The court in holding that the will did not show on its face that the omission of such daughter was intentional, said: "It is further argued that the will itself shows on its face that the omission of Mrs. Hubbard in the will was intentional. As to this contention we think that the significance of the decision of this court in Garraud's Estate (35 Cal. 336) is that it must appear on the face of the will, and it must there appear from words which indicate such intent directly, or by implication equally as strong. Any other rule would lead to guesses or to inferences merely conjectural, which would be too unsubstantial to base a judgment on. We do not think that we can say with any reasonable certainty that the words used in the will indicate that Mrs. Hubbard was in the mind of the testator when he wrote his will, and that he intentionally omitted to mention her. We think that the correct rule is that the words of the will must show, as above pointed out, that the testator had the person omitted in his mind, and, having her so in his mind, had omitted to make any mention of her. The rule here laid down is plain and simple, and we think in accordance with the statute, as interpreted in the Garraud Case." [83 Cal. 322, 23 P. 381.]

In the case at bar, the intention of the testator to dispose of his entire estate to his sons living at the time of his decease, is clear and unambiguous. However, such intention is not significant in determining whether the testator had in mind the pretermitted heirs at the time of making his will. As was said in Re Parrott's Estate, supra, "It evidences nothing more than the intent of the testator to so dispose of his property. It is entirely consistent with the presumption raised by the statute that appellant was unintentionally omitted from the will. The same disposition would doubtless have been made if appellant had been forgotten by the testator, or if he had believed her dead, or for any reason did not

have her in mind when he executed his will." [45 Nev. 318, 203 P. 262.] The intention with which we are concerned is whether the testator having in mind the pretermitted heirs, deliberately and intentionally omitted to provide for them. To say that the mere disposal of all his property to designated beneficiaries furnishes ground for the inference that the testator had in mind and intentionally omitted to provide for other heirs, would be to nullify the requirements of Section 14-320, I.C. In re Price's Estate, supra.

In a number of cases cited by appellant, the courts have considered the effect of certain specific provisions in wills. In the case of the Estate of Utz, 43 Cal. 200, the court considered the effect of the use of the term "my children." We quote from 43 Cal. page 203:

"The material portions of the will of the deceased are as follows:

" 'I will give, and bequeath, and order my executors to give after my death to my children the following property, to wit: To my eldest daughter, Elizabeth Utz, * * * the sum of fifty dollars * * *; to my son, Daniel Utz, the sum of five dollars; and to my youngest daughter, Margaret Utz, and to her children, I will and bequeath * * * all my property, moneys, lands, furniture, etc., that will be left after my death,' etc.

"The testator had another daughter, who was deceased at the time he published his will, leaving two children, the Harwigs, surviving her, and also surviving their grandfather, the testator.

"The latter omitted in his will to provide for these grandchildren, nor are they in anywise mentioned therein."

The court held that the use of the term "children" could not be considered as intending the exclusion of testator's grandchildren by his deceased daughter, and that such grandchildren should share in the estate.

In Bush v. Lindsey, 44 Cal. 121, the testatrix left all her property to a grandson, the issue of a deceased son. She left surviving children who were not mentioned in the will. The court held that the fact that the testatrix mentioned her grandson would not support the contention that her children were brought to her recollection and that her omission to provide for them was intentional; and the children were permitted to share in the estate.

In the case of In re Salmon's Estate, supra, the testator left small legacies to the widows of his deceased sons but omitted to provide for his grandchildren, the issue of such deceased sons. The court held that the mention of the widows, the mothers of the pretermitted grandchildren, could not rebut the presumption that such grandchildren were forgotten. The court said, 107 Cal. 614, 40 P. on page 1031, 48 Am.St. Rep. 164: " * * * it is well settled in this state that the mere fact that a testator

mentions one closely related by blood, or intimately associated in family relations, with the omitted heir, does not show, as matter of construction, that the omitted one was in his mind, and that the omission was intentional."

In the case of In re Van Wyck's Estate, 184 Cal. 49, 196 P. 50, the testator died leaving as his heirs, a son and a daughter and two minor children of a deceased daughter. He provided in his will that his estate should go to his executor in trust, the net income to be paid in equal shares to his son and daughter if both survive him, or the whole thereof to the survivor if either should pre-decease him; and the whole thereof to be paid to the survivor when either should die after his death. The court held that the two minor children of the deceased daughter, not having been provided for in the will, were entitled to share in the estate; and that the language of the will could not be construed to show that the testator intentionally omitted to provide for such heirs.

In the case of In re Price's Estate, supra, the testatrix died leaving as heirs at law, two living sons and two grandchildren, the issue of a deceased son. The testatrix bequeathed all her property to her two living sons to be divided between them at her death, share and share alike. The will also contained this clause: "I purposely refrain from leaving anything by this my last will and testament to any other person or persons, and in the event that any other person or persons shall either directly or indirectly contest this my last will and testament I give to any such person or persons contesting said will the sum of $1 and no more, hereby declaring that I have only at this date two surviving children, to wit: my said two sons above named." [56 Cal.App.2d 335, 132 P.2d 486.]

The court said that "It must appear upon the face of the will, not only that the omission was intentional, but 'the words of the will must show that the testator has the persons omitted in his mind, and having them so in his mind, has omitted them from the provisions of the will.'" The court thereupon held that the grandchildren were entitled to share in the estate.

In the case of In re Parrott's Estate, supra, the testator devised all his property to his sisters and stated in his will, "I do hereby declare that I have never been married and that I have no children." The will was contested by an illegitimate daughter. In construing a statute identical with our Section 14-320, I.C., the Nevada Court held that the illegitimate daughter was entitled to share in the estate and spoke as follows: "It appears from the will that the appellant was omitted from it and the estate devised to the persons named in it. The statute which she has invoked by showing that she is the natural and adopted child of the deceased raises the presumption that her omission from the will was unintentional. Before this presumption can be overthrown and the contrary intention estab-

lished in point of law, it must appear from the face of the will that the intention to omit appellant is expressed therein or implied in language so strong as to render any other conclusion unreasonable. If the import of the language of the will is not plain enough to warrant such conclusion, the presumption raised by the law must prevail on this appeal, and the judgment of dismissal be reversed."

In the case at bar the pretermitted grandchildren are not named in the will and are neither included nor excluded as members of a class by the terms of the will. However, it is contended by respondents that an inference can be drawn from two provisions in the will that the testator had the pretermitted children in mind and intentionally omitted to provide for them.

■ The first of such provisions directs the executor to distribute the estate in equal shares to "my present living sons." From the expression, "my present living sons," it might be concluded that the testator had in mind his deceased son and, perhaps, tenuously inferred that he had in mind his deceased daughters. However, no legitimate inference can arise from such expression that the testator had in mind the issue of his deceased son and daughters and intentionally omitted to provide for them. In the case of In re Price's Estate, supra, the court, in discussing testator's declaration that she had only "two surviving children, to wit: my said two sons above named", said, "This statement also indicates that

she knew that her son Merton was deceased. But there is not a word in the will to indicate that she knew he had been married, that he was the father of two children, or that either of these children was then living."

■ The second provision in the will relied upon by respondents is the sentence "If one of the above named devisees die, then his share shall go in equal shares to his surviving brothers." Respondents contend that this sentence shows an intention on the part of the testator to disinherit his grandchildren. It does not appear upon the face of the will that testator had any grandchildren by his living sons. However, if there were such grandchildren, they would occupy a different position than testator's grandchildren by his deceased son and daughters. The issue of testator's living sons would be only potential heirs and are not covered by Section 14-320, I.C. The issue of his deceased son and daughters were present, presumptive heirs for whom the statute specifically requires that the will must either provide or it must appear that such omission was intentional. There is nothing in the sentence in question from which it can be clearly inferred that the testator had in mind the existence of the issue of his deceased son and daughters and intentionally omitted to provide for them in his will.

In support of their contentions, respondents cite and rely upon the following cases: In re Hassell's Estate, 168 Cal. 287, 142

P. 838; In re Minear's Estate, 180 Cal. 239, 180 P. 535; Rhoton v. Blevin, 99 Cal. 645, 34 P. 513; In re Trickett's Estate, 197 Cal. 20, 239 P. 406; In re Lombard's Estate, 16 Cal.App.2d 526, 60 P.2d 1000; In re Benolken's Estate, Mont., 205 P.2d 1141.

Such cases generally recognize the rules of construction set out herein although it was determined in each that it appeared from the face of the will in question that the omission to provide for the pretermitted heir was intentional. However, such cases are clearly distinguishable from the case at bar. In each of such decisions it was held that the pretermitted heir was a member of a mentioned class, either by inclusion or exclusion, under some provision of the will.

Applying the principles of construction herein recognized to the will of Thomas Henry Fell, deceased, it does not clearly and fairly appear from the words of such will that the testator had in mind his pretermitted grandchildren and intentionally and deliberately omitted to provide for them in his will. The judgment of the trial court will be reversed and the cause remanded with instructions to enter judgment affirming the order of the probate court and directing that the will be admitted to probate subject to the right of the pretermitted heirs to take their shares of the estate as if Thomas Henry Fell had died intestate. Costs awarded to appellant.

HOLDEN, C. J., and GIVENS and TAYLOR, JJ., concur.

KEETON, Justice, (dissenting).

I am unable to agree with the majority opinion in this case. The opinion states: "In the case at bar, the intention of the testator to dispose of his entire estate to his sons living at the time of his decease, is clear and unambiguous." With this conclusion I agree.

The will being clear and unambiguous, it necessarily follows that the testator intended to omit the contestant and other persons privy with her. It would therefore follow that the contestant having been omitted and the will being clear and unambiguous the testator necessarily had her in mind and intended to disinherit her.

The majority opinion further states: "In order for it to appear that the pretermitted heir was intentionally not provided for, it must appear from the words of the will that the testator had the omitted heir in mind at the time the will was drawn and intentionally omitted such heir from the will."

The testator, having clearly and unambiguously disposed of all of his estate, it appears clear from the will itself that he intended to disinherit pretermitted heirs, and the only inference or reasonable conclusion is that the omission was intentional on his part.

408

The opinion further states: "The presence of such intention [i. e., to omit other heirs] is not the subject of guess, surmise or conjecture."

The will being clear and unambiguous, the testator's intention is not the subject of guess, surmise or conjecture, but appears to be plain and certain.

The cases cited by the majority opinion to sustain the view: Estate of Utz, 43 Cal. 200, decided January, 1872; Bush v. Lindsey, 44 Cal. 121, decided July, 1872, if construed to be in point or an authority here, should not be followed.

It appears to me that the inference and conclusion is irresistible, that the omission to provide for the pretermitted heir was by the terms of the will plainly intended.

It is the province of this Court to construe wills not rewrite or set aside the clear intent of the testator, and a will should be construed to give effect to the testator's desires to be determined from a reading of the entire will.

In the case before us, from an examination of the will, it appears to me that the intention of the testator was to divide his estate among his sons living at the time of his death, and that all others were by the testator, not only in mind, but intentionally excluded. The judgment should be affirmed.