291 P.2d 846

William HALFMOON, Petitioner-Appellant,

v.

Albert MOORE, Administrator with the Will Annexed of the Estate of Jeanette Halfmoon, Deceased, and Mary Moore, Protestants-Respondents.

No. 8331.

Supreme Court of Idaho.

Dec. 13, 1955.

Rehearing Denied Jan. 9, 1956.

248

Leslie T. McCarthy, Lewiston, Charles T. Sharp, Clarkston, Wash., for appellant.

Thomas W. Feeney, Lewiston, for respondents.

PORTER, Justice.

No evidence was introduced in this cause. The matter was submitted to the trial court upon a stipulation of facts. The question for decision on this appeal is whether the trial court made the proper conclusions of law and judgment from the facts submitted to it.

On October 7, 1948, Jeanette Halfmoon, an Indian woman, duly made and executed her last will and testament. The will contained the following provision:

"Second.—I give, devise, and bequeath to my granddaughter, Dorothy Halfmoon, Age 17, an unallotted Nez Perce Indian, my own Nez Perce Allotment No. 663 described as Lots 9 and

24, Sec. 15, Lots 13, 14, 15, and 16, Sec. 16 Twp. 35, R. 3 W, B. M., containing 120 acres, subject to a lifetime interest of my son, William (Willie) Halfmoon, age 53, and upon the decease of said son, the lifetime interest shall continue to my grandson, Joseph Halfmoon. Upon the decease of both William and Joseph Halfmoon the property mentioned herein shall be taken and inherited by my granddaughter, Dorothy Halfmoon."

The will named Mary Halfmoon Moore as residuary devisee and legatee of the estate. Thereafter, and prior to her death, Jeanette Halfmoon sold and conveyed the land contained in her Allotment No. 663 mentioned in the will. Testatrix died on December 20, 1951, and left surviving her a son, William Halfmoon, a daughter, Mary Halfmoon, and a granddaughter, Dorothy Halfmoon, daughter of a deceased son. Joseph Halfmoon, the son of William Halfmoon, mentioned in the will, died prior to the death of testatrix.

Testatrix was a resident of Nez Perce County. Her last will and testament was duly probated in the probate court of such county. Appellant herein filed in such court a petition to determine heirship. Appellant claimed that the will having been revoked as to him by the sale of the land in which he was devised a life estate, he was therefore entitled to share in the estate of his mother as a pretermitted heir. Respondents denied the claim of petitioner of a right to share in the estate as a pretermitted heir and alleged that all of the estate should be distributed to the residuary devisee and legatee, Mary Halfmoon Moore.

The probate court decided the cause against appellant who thereupon appealed to the district court. The district court likewise decided the cause against appellant. Dorothy Halfmoon did not participate in the trial in the district court. Appellant has appealed to this court from the judgment of the district court.

The trial court in its memorandum opinion stated as follows:

"It appears to the Court that a will is not revoked even in part by the sale of property given but that the devise fails because the testator has no property within the terms of the gift.

"Appellant is specifically mentioned in the will but since the conveyance eliminates his gift it must be assumed that the intention of the testator was that he was to receive none of her property."

In accordance with such memorandum opinion, the trial court made Conclusions of Law Nos. III and IV as follows:

"III.

"That the sale by the testatrix of the property theretofore devised to appellant and others, after the execution of her will and prior to her death, does

not revoke her will, but the said devise to appe*a*llant, William Halfmoon, and others fails because at the time of testatrix death there was no property in her estate upon which said devise can operate.

"IV.

"By selling the said property, theretofore devised to the appellant, William Halfmoon, the testatrix manifested an intention that said appellant receive none of her property."

The trial court further concluded that appellant is not a pretermitted heir and that respondent, Mary Moore, the residuary legatee, is entitled to have all the property of the estate within the jurisdiction of the probate court of Nez Perce County distributed to her. Appellant contends that the trial court erred in making such conclusions of law and in entering a decree in accordance therewith.

The cases dealing with pretermitted heirs are numerous. Many of the authorities are cited in the case of In re Fell's Estate, 70 Idaho 399, 219 P.2d 941. Two additional annotations on the subject are contained in Annotation 94 A.L.R. 26 and Annotation 170 A.L.R. 1317. Many of the cases are not authoritative in this jurisdiction as they are decisions under "Missouri type" statutes which provide that if the heir is not *mentioned* or provided for in the will, he may take as a pretermitted heir under the statute. The other type of statute is the so-called "Massachusetts type" which provides generally that if a testator omits to provide in his will for a child, such child shall take the same share of the estate that he would have been entitled to if the testator had died intestate unless it appears that the omission was intentional and not occasioned by accident or mistake. Decisions under this type of statute are not always in point in this jurisdiction as our statute does not contain the words "and not occasioned by accident or mistake." Our statute, Section 14–320, I.C., is as follows:

"When any testator omits to provide in his will for any of his children, or for the issue of any deceased child, unless it appears that such omission was intentional, such child, or the issue of such child, must have the same share in the estate of the testator as if he had died intestate, and succeeds thereto as provided in the preceding section."

Dealing with the effect of the subsequent transfer of property after testamentary disposition of same, we have Section 14–317, I.C., reading as follows:

"If the instrument by which an alteration is made in the testator's interest in a thing previously disposed of by his will expresses his intent that it shall be a revocation, or if it contains provisions wholly inconsistent with the terms and nature of the testamentary disposition, it operates as a revocation thereof, unless such inconsistent provi-

sions depend on a condition or contingency by reason of which they do not take effect."

The word "revoke" is defined by Funk & Wagnalls New Standard Dictionary as meaning "To annul or make void by recalling or taking back; cancel; rescind; repeal; reverse; as to revoke a license."

In Stone v. Fisher, 65 Idaho 52, 139 P.2d 479, we held that a voluntary alienation by deed of property was wholly inconsistent with the prior disposition of the same in a will and operates as a revocation of the testamentary disposition of such property under the provisions of Section 14–317, I.C.

In the case of In re Fell's Estate, supra, we stated the rule under our statutes with reference to pretermitted heirs to be as follows [70 Idaho 399, 219 P.2d 942]:

"In order for it to appear that the pretermitted heir was intentionally not provided for, it must appear from the words of the will that the testator had the omitted heir *in mind* at the time the will was drawn and *intentionally* omitted such heir from the will. It is not enough that the testator had in mind the omitted heir but he must manifest his intention to omit such heir by the terms of the will. The intention to omit to provide for such heir must be indicated in direct language or by language from which an inference equally as strong may be drawn. The presence of such intention is not the subject of guess, surmise or conjecture."

The assumption of the trial court that the will was not revoked even in part by the sale of property given thereunder to appellant but that the devise fails because the testatrix at the time of her death had no property within the terms of the gift is contrary to our statutory provision that such a sale worked a revocation of the testamentary disposition of the property. And the trial court erred in holding in effect that because appellant was mentioned in the will but his gift was later eliminated by conveyance it must be *assumed* that the intention of the testatrix was that the heir receive none of her property. Such holding is contrary to our determination in the Fell case as to what is necessary to show an intentional omission to provide for an heir. Such conclusion is based upon an assumption which is contrary to the rule that there is a rebuttable presumption that the omission was unintentional. In re Fell's Estate, supra; 26 C.J.S., Descent and Distribution, § 45, p. 1052.

We are of the opinion that under Section 14–317, I.C., as interpreted by Stone v. Fisher, supra, the will in question stands as if the revoked clause had never been present therein. That the action of the testatrix in transferring the land in question should not be considered as showing an intent on the part of testatrix to disinherit appellant but should only be given the effect

provided for by statute, that is, a revocation of the provision in the will as to appellant. Under the principles set out in the Fell's Estate case there is nothing in the will after the revocation became effective or in the stipulated facts from which it clearly and fairly appears that the testatrix intentionally omitted to provide for appellant.

The testatrix was an Indian woman, 73 years of age, who could not read, write or speak English; and who was a ward of the federal government. The will had to be read to her by an interpreter; and she signed the same by her mark. As was said in In re Parrott's Estate, 45 Nev. 318, 203 P. 258, the object of the statute is to protect children against omission or oversight which not infrequently happens from sickness, old age, infirmities or other peculiar circumstances.

It is urged that the decisions in the following three cases are contrary to our holding in this case: Kinnear v. Langley, 209 Ark. 878, 192 S.W.2d 978; In re Callaghan's Estate, 119 Cal. 571, 51 P. 860, 39 L.R.A. 689; Faucher v. Bouchard, 47 R.I. 150, 131 A. 556. We do not consider such decisions authoritative and controlling here. The Arkansas case was decided under a "Missouri type" statute and turned upon the question of whether the pretermitted heirs were "mentioned" in the will. The California case did not involve the revocation of a testamentary devise by a sale of the property subsequent to the execution of the will. The Rhode Island case was decided under a statute not identical with our statute; no mention is made in the decision of a statute similar to our Section 14–317, I.C., on revocation of a provision in a will by a transfer of property inconsistent therewith; the conclusion of the Rhode Island Court that such a transfer is conclusive evidence that the testator intended that the devisee mentioned in the will should take nothing is not supported by any authority; and our research has not disclosed that the Rhode Island case has ever been cited and followed on the point in question.

█ The land devised to appellant and afterwards sold and transferred by the testatrix was held in trust by the federal government and when it was sold the proceeds thereof were likewise held in trust. The land was sold for $19,050. The testatrix used some $4,981. This use together with the expenses of $2,035.98 in the matter left $12,033.02, which was distributed by the Bureau of Indian Affairs, on the basis of the values of the life estate and remainder, in the sum of $5,855.59 to appellant and $6,177.43 to the remainderman. This attempt by the Bureau of Indian Affairs to substitute part of the sale price of the land in question for the provisions in the will can no way affect the principle involved in this litigation. It is true that it has been stipulated that these particular funds are not a part of the estate to be probated in the Idaho courts and are under the jurisdiction of the Bureau of Indian Affairs.

Nevertheless, the remainder of such funds are in fact a part of the estate of the testatrix, and appellant and the remainderman may well be charged with the sums received by them from the Bureau of Indian Affairs in the final distribution of the estate on the theory that such sums are in the nature of advancements to the two heirs in question.

Under the authority of Section 14–320, I.C., and of Section 14–317, I.C., as construed by Stone v. Fisher, supra, and the principles announced in the case of In re Fell's Estate, supra, the judgment of the trial court is reversed and the cause remanded with direction to enter judgment in favor of appellant. Costs to appellant.

TAYLOR, C. J., and SMITH, J., concur.

ANDERSON, Justice, with whom KEETON, Justice, concurs (dissenting).

In my opinion, the facts in the authorities cited and relied upon by the majority opinion are so different from the facts of the case now before us as to clearly distinguish such authorities and make their holdings inapplicable here. In addition to the facts set out in the majority opinion, there was a specific devise of certain real property to testatrix' daughter, Mary Halfmoon (Moore) in addition to naming her as the residuary devisee and legatee.

As the majority opinion states, the cases dealing with pretermitted heirs are numerous; but, surprisingly, they are nearly all cases where the will made no mention of the heir in question. The only case squarely in point on the facts and under a nearly-identical statute, called to our attention or found by independent research, is the case of Faucher v. Bouchard, 47 R.I. 150, 131 A. 556, 557. In the Rhode Island case, the testator, Octave Bouchard, had made a will leaving a certain devise of land to the children of a deceased son, Damase Bouchard. Two months after making this will, testator sold the land in question to a third party. The question was whether the children of the deceased son had any interest in the testator's estate. The court, in answering this question, said:

"We answer the first question in the negative. General Laws 1923, c. 298, § 22, provides that when a testator omits to provide in his will for any of his children or for the issue of a deceased child, they shall take the same share of his estate that they would have been entitled to if he had died intestate, unless it appears that the omission was intentional and not occasioned by accident or mistake. Two months after making his will, testator sold the land devised by the third clause, to Marie Bouchard, the widow of his son Damase. The grandchildren claim there is an omission to provide for them in the will because they receive nothing thereunder. The 'omission to provide' of the statute refers to a provision made in the will, not to

the actual receipt of property by the children or issue of a deceased child. The devise in the third clause was to the son's widow and her children. The latter received nothing, not because of an omission in the will, but by a failure of the devise due to the subsequent act of the testator. The only conclusion from the facts is that testator intended that the grandchildren mentioned in his will should take nothing under the will."

See 26 C.J.S., Descent and Distribution, § 45(c), p. 1050, and note 40; also 170 A.L.R. 1317 note, 1319 note, 1330(3), "What, other than express disinheritance or bequest, avoids application of statute for benefit of pretermitted or after-born children."

Our statutes, I.C. secs. 14-317 and 14-320, which are set out verbatim in the majority opinion, were taken from California, and were identical with the California statutes at the time of the decision in the California case of In re Callaghan's Estate, 119 Cal. 571, 51 P. 860, 861, 39 L.R.A. 689.

The Supreme Court of California, in construing their statute relative to pretermitted heirs, held that where a testatrix devised to her granchildren land which she did not own at the time nor at any subsequent time, the grandchildren were not entitled to share in her estate as if she had died intestate. The court in its opinion stated:

" * * * The words 'omits to provide,' as used in said section, mean simply an omission to make a provision in the will, and have no reference to the pecuniary value of such provision. It is apparent that the Code provision in question expresses no intent to in any way limit the disposing power of the testator, or compel him to provide for any child; for it clearly provides how the testator may decline to give anything to any such relative. This being so, what is the object of the provision? Nearly all the states have provisions substantially the same as that here under consideration; and, as such a provision is not intended as a limitation of the power of a person to dispose of his property by will, it has been uniformly held that the provision applies only to a case where a child or descendant is unknown or forgotten, or for some reason unintentionally overlooked. * * * In the case at bar the appellants were not only mentioned, but an express specific provision was made for them in the body of the will; and there can, therefore, be no pretense that they were unknown, forgotten, or unintentionally overlooked."

Neither of these cases has been overruled or criticized as not being the law in any subsequent case as far as I have been able to ascertain. The Callaghan case has been cited repeatedly, in California and else-

where. Among cases citing it with approval are In re Carter's Estate, 49 Cal.App.2d 251, 121 P.2d 540; In re Trickett's Estate, 197 Cal. 20, 239 P. 406, 408; In re Benolken's Estate, Mont., 205 P.2d 1141, 1146, 1149; In re Parrott's Estate, 45 Nev. 318, 203 P. 258, 264; Shackelford v. Washburn, 180 Ala. 168, 60 So. 318, 319, 43 L.R.A., N.S., 1195.

In Kinnear v. Langley, 209 Ark. 878, 192 S.W.2d 978, the decedent had left a will providing that certain of her property should revert to the estate of her husband, and be distributed as provided in his will. The husband's will made provision for plaintiff, an adopted daughter. By a codicil, the decedent revoked the section referring to her husband's will, and left the property in question to another person. Plaintiff claimed to be a pretermitted child. The court ruled against her, stating, 192 S.W.2d at page 983:

"* * * the codicil does not physically or literally erase or obliterate whatever it affects or changes in the original will. * * * *The revoked section is not obliterated: it is merely rendered nugatory.*

"* * * Mrs. Burdick named Hazel Burdick (by reference) in Section 9 of the will; and that fact prevents Hazel Burdick from being a pretermitted child. By the second codicil, Mrs. Burdick revoked Section 9 of her will. The effect of such revocation is to leave Hazel Burdick without a bequest. *But the effect is not to erase or obliterate Hazel Burdick's name from the will. Section 9 remains in the will, although, by the codicil, it is to be given no effect. The situation here is the same as if Mrs. Burdick had said, 'I name my adopted daughter, Hazel Burdick, but I leave her nothing.'*" (Emphasis added.)

The majority hold that the trial court erred

"* * * in holding in effect that because appellant was mentioned in the will but his gift was later eliminated by conveyance it must be assumed that the intention of the testatrix was that the heir receive none of her property."

To assume the contrary does not seem to me to be less justified, and I am unable to agree with the majority that such holding by the trial court is contrary to the holding in the Fell case, as the facts are entirely different.

Each party to this litigation cites the case of In re Fell's Estate, 70 Idaho 399, 219 P.2d 941, in support of his position. I do not believe it helps either more than the other, as the factual situation is entirely different from the one now before us. In the Fell case, each of the living children was left property by the will, and the children of three deceased children were entirely omitted from mention in the testator's

will. The court held the latter were pretermitted heirs.

In the present case, the appellant was named and given certain property which the testatrix later sold. A person is presumed to know the reasonable and ordinary result of his or her actions, which in this case would be that the heir could not inherit that which was disposed of. This question is answered concisely in 57 Am.Jur., Wills, sec. 538, Conveyance of Property, thus:

> " * * * It has been said that the alienation of devised property by the testator is *conclusive evidence* of a change of his intention with regard to the disposition to be made of such property as indicated by the will. A better reason, however * * * is that nothing remains upon which the devise can operate." (Emphasis added.)

See also Wolcott v. Shaw, 21 Del.Ch. 1, 2 A.2d 913, which holds:

> "The application of the rule that where subject matter of specific devise of realty has been finally disposed of by the testator in his lifetime the devise is revoked is in no wise dependent upon what might seem to have been the intention of the testator, the theory of the law being that the intention to revoke the devise was expressed by the absolute disposition by the testator in his lifetime of the subject matter of the devise."

If, as the majority opinion holds, alienation of the property literally eliminates that provision from the will, it would not make any difference whether the statute in question is of the Missouri (descendant not named nor provided for) or the Massachusetts (omission to provide, unless shown to be intentional) type. If the provision is literally stricken from the will by alienation of the property, a child would be pretermitted under either type statute; if the provision remains in the will, he would not.

In the case of Stone v. Fisher, 65 Idaho 52, 139 P.2d 479, 482, relied upon by the majority, the testatrix had made a will leaving one-fourth her estate to appellant, and providing that the one-fourth should include a certain piece of real property. Later she conveyed the real property to appellant by deed. The court held that the property should not be included in computing appellant's fourth of the estate. The court said:

> "* * * The testatrix must have had some *intention to alter or change her will* in so far as it affected the real estate conveyed when she made the deed, otherwise, she would not have made an unconditional deed. She made no change by codicil, or otherwise, in her will. By the deed she was wholly divested of all title and interest in said real estate, as well as all control over the same, when she executed the deed, which operated as a revocation of the will in so far as said real estate was concerned." (Emphasis added.)

There was no pretermitted heir question involved in the Stone case, and the holding in this case may be summarized as the codifier has in a footnote to I.C. sec. 14–317, thus:

"Generally, a voluntary alienation of property by deed works a revocation of a will to the extent that the deed and the will are inconsistent, since a will operates only upon property legally and equitably belonging to the testator at the time of his death."

The probate and district courts were correct in holding that William Halfmoon was not a pretermitted heir, and are supported by the authorities above mentioned.

To hold to the contrary would make it impossible to disinherit a child, or prevent his taking his full share as if testator had died intestate, without making a new will or revising the old one where the property —large or small—no longer belongs to the testator at the time of his death. The testator may have given him an heirloom which became lost, or but a small share of the estate which was sold before the testator"s death. The intention of the testator should certainly rule, and his actions speak for themselves; and we cannot indulge in speculation as to the testator's intent, wish, or desire, and change his will and substitute ours, and give a child more than the testator—or, as in this case, the testatrix—had done.

The judgment should be affirmed.