Josiah O. Wolcott, Executor of the Last Will and
Testament of Annie W. Brown, formerly
Annie M. Wolcott,

*vs.*

Benjamin Irving Shaw, Frank F. Shaw, James L.
Wolcott, Josiah O. Wolcott, Alexander G. Wol-
cott, Bessie Dickerson, Rose Kuhne, formerly Rose
Gordon, Augustus Dickerson, Annie Burdick,
Amanda Wolcott Eggert, Harriet M. Shaw, Eliza-
beth H. Shaw, Louis C. Jones, Ruth Elizabeth
Jones, Lillian Lee Jones, Guardian of Clarence
William Jones, Sarah Alice Jones and Mary Lee
Straughn Jones.

*New Castle, Jan. 17, 1930.*

*James L. Wolcott* for complainant.

*George M. Fisher, Jr.,* for Benjamin Irving Shaw, Frank F. Shaw, Amanda Wolcott Eggert, Harriet M. Shaw, and Elizabeth H. Shaw.

*Charles L. Terry, Jr.,* for James L. Wolcott, Josiah O. Wolcott, Alexander G. Wolcott, Bessie Dickerson, Rose Kuhne, Augustus Dickerson, Annie Burdick, and Louis C. Jones.

*James H. Hughes* for Ruth Elizabeth Jones and Lillian Lee Jones, guardian of Clarence William Jones, Sarah Alice Jones, and Mary Lee Straughn Jones.

THE CHIEF JUSTICE: On the twenty-third day of April, 1927, Josiah O. Wolcott, Executor of the last will and testament of Annie W. Brown, formerly Annie M. Wolcott, complainant above named, filed his bill of complaint against the parties respondent above named, and prayed the court to instruct him as to the manner in which he may truly

and fully perform his duties as executor in making distribution and payment of the moneys in certain paragraphs of his bill referred to, and which are now in his hands as such executor.

It appears from the bill of complaint that the said Annie W. Brown, who was formerly Annie M. Wolcott, on or about the sixteenth day of June, 1925, departed this life without leaving any lineal descendants, having first made and published her last will and testament bearing date the ——— day of ———, 1917, and a codicil thereto, which were duly proved and allowed. The following facts also appear: That Josiah O. Wolcott, the complainant, was named Executor in said last will and testament, and was duly appointed as such. That in and by said last will and testament the said Annie W. Brown, formerly Annie M. Wolcott, in Item 4 thereof, disposed of a certain house and lot in the town of Harrington in the following language:

"Item 4. My house and lot on Dorman Street, in the said town of Harrington, adjoining Samuel L. Shaw and others, I give and devise to my two nephews, B. Irving Shaw and Frank F. Shaw in equal shares, to them, their heirs and assigns. But if either of my said nephews should die without leaving issue living at the time of his death, I give and devise his share to his said brother, his heirs and assigns. And in case either of my said nephews should die leaving his brother surviving him, then upon the death of said brother without leaving issue living at the time of his death, the share of said brother shall go to the issue of the brother who died first."

That in and by Item 13 of her said last will and testament the said testatrix disposed of the rest and residue of her estate in the following language:

"Item 13. I give and bequeath all the rest and residue of my estate to the following to be divided equally among them: James L. Wolcott, Josiah O. Wolcott, Alexander G. Wolcott, Harry Dickerson, Bessie Dickerson, Rose Gordon, Augustus Dickerson, Annie Burdick, Frank P. Shaw, Amanda Wolcott Eggert, Harriett M. Shaw, Elizabeth H. Shaw, B. Irving Shaw, Louis C. Jones and Clarence W. Jones."

That after the date of the publication of said last will and testament, and codicil, the said testatrix sold the house and lot devised in Item 4 thereof to B. Irving Shaw and Frank F. Shaw, to Louis B. Riley, as appears from paragraph 6 of the bill of complaint, which is as follows:

"That after the date of publication of said last will and testament, as well as after the date of the publication of the codicil thereto, the said testatrix by deed of bargain and sale duly granted and conveyed said house and lot on Dorman Street, devised in Item 4 of said last will and testament to B. Irving Shaw and Frank P. Shaw, to Louis B. Riley, in fee simple for the sum of twenty-five hundred dollars, receiving from said Louis B. Riley, five hundred dollars in cash on account of the purchase money in said deed mentioned and a purchase money mortgage for two thousand dollars, * * *. The said purchase money mortgage was held by the said Annie W. Brown, formerly Annie M. Wolcott, at the time of her decease, and held by your orator as Executor of the estate of said testatrix. The said Louis B. Riley has since paid to your orator, as Executor aforesaid, the principal sum of two thousand dollars secured by said mortgage, together with the sum of One Hundred Seventy-nine Dollars as and for interest due upon the same since the decease of said testatrix which said sums your orator, Executor as aforesaid, now holds for distribution under the said last Will and testament of the said Annie W. Brown, formerly Annie M. Wolcott."

### Paragraph 7 of said bill recites:

"That a question has arisen as to whether said principal and interest collected by your orator upon said mortgage belongs to and shall be paid to the said Benjamin Irving Shaw (named in said Item 4 of said last will and testament as B. Irving Shaw) and to Frank F. Shaw to whom the said house and lot on Dorman Street was devised in lieu and place of the devise of real estate to them in said Item made, or whether the same composes a part of the residue of the estate of said testatrix and is distributable under the law to the residuary legatees in said residuary clause mentioned."

### Paragraph 8 states:

"That in addition to said principal and interest derived from said mortgage your orator has in the residue of said estate a further sum as will appear from his second and final account yet to be filed, subject to be distributed to the proper residuary legatees in said Item 13 mentioned."

### Paragraph 9 recites:

"That among the residuary legatees in said Item 13 mentioned is one Clarence W. Jones. The said Clarence W. Jones is now deceased, he having died on or about the ———— day of ————, A. D. 19—, and thus having pre-deceased said testatrix. That said Clarence W. Jones was a son of Mary L. Jones, a sister of the said testatrix, who was living at the time of the death of said testatrix, and is now living. The said Clarence W. Jones left to survive him three minor children, the said Clarence William Jones, Sarah Alice Jones and Mary Lee Straughn Jones, for whom the said Lillian Lee Jones, one of the defendants herein, was duly appointed guardian by the Orphans' Court of the State of Delaware, in and for Sussex County, and one child of lawful age, viz: the said Ruth Elizabeth Jones."

### Paragraph 10 states:

"A question has arisen as to whether the said legacy to the said Clarence W. Jones, deceased, was under the above state of facts a lapsed legacy and as such falls back into the residuary estate of the said testatrix to be divided among the remaining residuary legatees, or whether the same was not a lapsed legacy and therefore became payable to the children of the said Clarence W. Jones as issue surviving him, or to their guardian."

### Paragraph 11 is as follows:

"That among the residuary legatees in said Item 13 mentioned is one, Harry Dickerson. The said Harry Dickerson was not a child of either a brother or sister of said testatrix. The said Harry Dickerson predeceased the said testatrix and the residuary legacy given to him in and by said Item 13 is therefore lapsed."

None of the allegations contained in the bill of complaint are denied by the defendants, or any of them.

It is apparent from said allegations that two questions are presented, and only two, upon which the complainant seeks instruction in the performance of his duties as executor, viz:

1. Do the proceeds from the purchase money mortgage referred to in paragraph six of the bill of complaint belong to Benjamin Irving Shaw and Frank F. Shaw, or to the residuary legatees?

2. Are the children of Clarence W. Jones, deceased, to be admitted to the share of the residue which he would have taken had he survived the testatrix?

In answer to the first question I say, it is clear that, under well settled law, Benjamin Irving Shaw and Frank F. Shaw, are not entitled to the proceeds of the mortgage received by the complainant as executor of the last will and testament of said deceased. I have found no exception to the rule that where the subject matter of a specific devise of real estate has been finally disposed of by the testator in his lifetime by sale thereof, the disposition revokes and nullifies the devise, and there is nothing left upon which the devise can operate. As some courts say, the subject matter has been annihilated. There can be no reason to elaborate the point, because there is nothing to discuss. The authorities seem to be in accord on the subject, and I will mention only some of them. *Wickliffe's Ex'rs. v. Preston, et ux.,* 4 *Metc., Ky.,* 178; *Amertrano v. Downes,* 170 *N. Y.* 388, 63 *N. E.* 340, 58 *L. R. A.* 719, 88 *Am. St. Rep.* 671; *Adams v. Winne,* 7 *Paige* 97; *Hawes v. Humphrey,* 9 *Pick., Mass.,* 350, 20 *Am. Dec.* 481.

Since the same rule applies to legacies the following authorities may be added: *Tayloe, et al., v. Bond, et al.,* 45 *N. C.* 5; *Snowden, et ux., v. Banks,* 31 *N. C.* 373; *Harrison v. Jackson,* 7 *Ch. Div.* 339; *Walton v. Walton,* 7 *Johns. Ch., N. Y.,* 258, 11 *Am. Dec.* 456; 40 *Cyc., p.* 1919.

The application of the rule is in no wise dependent upon what might seem to have been the intention of the testator. The theory of the law is, that the intention to revoke the devise is expressed by the absolute disposition by the testator in his lifetime of the subject matter of the devise. As was said in the case of *Harrison v. Jackson, supra,*

"If I were allowed to guess what was the intention of the testator in this case, and in other cases where specific bequests have been held to be adeemed, I should say that the doctrine of ademption very often defeats the intention. But the law is, that the specific

legacy is adeemed when the subject of it has been aliened by the testator in his lifetime."

I am warranted in believing that counsel for the devisees, Benjamin Irving Shaw and Frank F. Shaw, do not seriously question the law, as above stated, or its application to the present case, because no brief has been filed or argument made to the contrary.

My conclusion on this branch of the case is, that the proceeds of the mortgage referred to that have come into the hands of the complainant, executor as aforesaid, belong to the residuary legatees and not to said devisees.

I come now to a consideration of the second question raised by the complainant, viz: Are the children of Clarence W. Jones, deceased, entitled to the share of the residue which their father would have received had he survived the testatrix?

The answer to this question depends entirely upon the language of *Section* 3389 of the *Revised Code* 1915 which is as follows:

"No devise or legacy in favor of a child or other lineal descendant of any testator, dying after the fifteenth day of March, A. D. 1909, shall be deemed or held to lapse or become void, by reason of the decease of such devisee or legatee, in the lifetime of the testator, if such devisee or legatee shall leave issue surviving the testator; but such devise or legacy shall be good and available in favor of such surviving issue, with like effect as if such devisee or legatee had survived the testator, saving always to every testator the right to direct otherwise.

"No devise or legacy in favor of a brother or sister, or children of a deceased brother or sister, of any testator, dying after the fifteenth day of March, A. D. 1909, such testator not leaving any lineal descendant, shall be deemed or held to lapse, or become void by reason of the decease of such devisee or legatee, in the lifetime of the testator, if such devisee or legatee shall leave issue surviving the testator; but such devise or legacy shall be good and available in favor of such surviving issue, with like effect as if such devisee or legatee had survived the testator; saving always to every testator the right to direct otherwise."

Clarence W. Jones was named as one of the residuary legatees of the testatrix and died in her lifetime. Did the legacy so bequeathed to him lapse? It did unless saved from lapsing by the section of the Code above quoted. This is admitted by all parties. It will be observed that the only legacies saved from lapsing are those given "in favor of a child or other lineal descendant of any testator"; or "in favor of a brother or sister or children of a deceased brother or sister of any testator."

Clarence W. Jones was not a child or lineal descendant of the testator. He was a child of a sister of the testatrix who survived the testator. He was not a brother of the testatrix, or a child of a *deceased* brother or sister of the testatrix. Clearly, therefore, the children of Clarence W. Jones do not come within either saving provision of the statute, and are not entitled to the legacy, or part of the residuary estate, their father would have taken if he had survived the testatrix. The said legacy was a lapsed legacy and as such falls back into the residuary estate of said testatrix to be divided among the remaining residuary legatees.

It may be assumed that counsel for the children of Clarence W. Jones do not disagree with this conclusion, because no brief has been filed or argument made to the contrary.

Let a decree be prepared in accordance with the foregoing, costs to be paid from the moneys in the hands of the executor.