**In the Matter of The ESTATE OF Mary H. HOBSON, deceased.**

Court of Chancery of Delaware,
New Castle County.

Submitted: Aug. 18, 1982.
Decided: Oct. 13, 1982.

Robert C. Lefton, Wilmington, for petitioner.

LONGOBARDI, Vice Chancellor.

On June 21, 1982, Ray Lewis Davis, co-executor of the last will and testament of Mary H. Hobson, filed his petition and prayed the Court to instruct him pursuant to 12 *Del.C.* § 503(3) as to the manner in which distribution of the residue of the estate should be made.

Mary H. Hobson died on May 29, 1981. Decedent is survived by one sister, Madelyn Seymour, and several issue of her two deceased sisters and four deceased brothers. Decedent's will dated March 8, 1973, was admitted to probate by the Register of Wills in New Castle County and letters were granted to Petitioner on June 12, 1981.

The provisions of the will are as follows: that Decedent's debts and funeral expenses were to be paid soon after her death; that Ray Lewis Davis and Madelyn Seymour were to act as co-executors; that said co-executors were authorized to dispose of all property of which Decedent died seized or possessed and to exercise any outstanding options; and that certain real property in Hockessin, Delaware, be devised in the following language:

THIRD: I give, devise and bequeath the real property located at the intersection of Old Wilmington Road and Lancaster Pike, Hockessin, Delaware, and all the contents therein contained at the time of my death, to MADELYN SEYMOUR, RAY LEWIS DAVIS, WILSON WEBB, VERNON GREEN, ALFRED DAVIS, HAROLD DAVIS and WALTER DAVIS, share and share alike, per stirpes and not per capita.

This constitutes the sum and substance of the last will and testament of Mary H. Hobson. A reading of the will in its entire-

ty reveals a clear absence of any residuary clause or any language indicating Decedent's intent to dispose of the rest, residue or remainder of her estate.

The Petition further states that Mary H. Hobson, prior to her death but subsequent to her execution of the will, sold her interest in the real property in Hockessin, Delaware. These are the circumstances which have prompted Petitioner's request for instructions for the proper distribution of the residue of Decedent's estate.

Since a reading of the will confirms that it does not contain a residuary clause and there is residue to be distributed, the Petitioner is faced with the question of whether the residue passes by way of partial intestacy or because there are seven named individuals in paragraph three of the will, the residue should pass to them. Alternatively speaking, since the will purports to confer a benefit on these seven people and because there is no residuary clause, should the seven named individuals in paragraph three be construed as residuary legatees.

 Legacies and devises are classified as specific, general or demonstrative. A specific devise or legacy is a gift by will of a portion of testator's estate which is so specifically described as to be capable of distinguishing it from the rest and is legally satisfied by delivery of that specific item. *Sapp v. Sapp,* Del.Ch., 96 A.2d 741 (1953); *In Re Dungan's Estate,* Del.Super., 73 A.2d 776 (1950). When the specified item has been conveyed or lost prior to death or its identity has been so substantially changed that it cannot be traced directly to another form, the specific devise or legacy results in an ademption; that is, the specific devise or legacy becomes inoperative, it fails for lack of subject matter to effectuate the devise. The rule of ademption is equally applicable to both real estate and personalty. *Curtis v. Curtis,* Del.Ch., 2 A.2d 88 (1938); *Wolcott v. Shaw,* Del.Ch., 2 A.2d 913 (1930). The test is one of substantial identity. When a testator has disposed of real estate during her lifetime, such disposition works an ademption of the specific devise in her will.

Consequently, the rights of devisees do not attach by way of substitution to the proceeds of its sale or to other property subsequently acquired by the testator. Moreover, in Delaware the rule of ademption is not dependent on the apparent intention of the testator. In fact, the application of the rule may, in many instances, defeat the intention of the testator. *Curtis v. Curtis,* Del.Ch., 2 A.2d 88 (1930); *Wolcott v. Shaw,* Del.Ch., 2 A.2d 913 (1930).

 In applying the foregoing principles to the case at hand, it is clear that an ademption has been worked with respect to the devise in question. After a fair and plain reading of item three, it cannot be said that such devise is anything other than a specific devise. The Decedent intended that the named devisees receive the specific property located at the intersection of Old Wilmington Road and Lancaster Pike, Hockessin, Delaware, and not merely a like or corresponding property. Furthermore, it cannot be denied that the proceeds from the sale are so different that they cannot be regarded as the same or as standing in place of that property. Accordingly, when Decedent sold the property in question, the specific devise became inoperative. The rights of the seven named devisees do not attach to the residue in the estate which might in part consist of the proceeds of the sale of the property referred to in item three of Decedent's will.

 Finally, with respect to the operation and effect of the ademption, the will is to be read as though the bequest had been expunged from the will. It is well established that the subject matter of lapsed or ineffectual legacies or devises, in the absence of contrary intent, passes under a general residuary clause where the will contains one and does not descend as intestate property to the testator's next of kin. *Wolcott v. Shaw, id.* However, this is not the case here. Not only is there no residuary clause but there is also a clear absence of any language or reference to a residue or remainder or the like of which can be construed by the Court as a proper intention to

create a residuary clause. See *Sapp v. Sapp,* Del.Ch., 96 A.2d 741 (1953); *Wolcott v. Shaw,* Del.Ch., 2 A.2d 913 (1930); *Curley v. DiMichele,* Del.Ch., 165 A. 155 (1933); *Stackhouse v. Webster,* Del.Supr., 169 A.2d 253 (1961). Thus, in answer to the question of devolution, it is again clear from a reading of analogous Delaware cases that where a will contains no effective residuary clause and a devise or legacy lapses or is void for any reason and some residue remains, the assets go to the heirs or next of kin as in the case of intestacy. 96 *C.J.S.* § 1225; See, *In Re Putney,* Del.Ch., 213 A.2d 57 (1965); *Security Trust Co. v. Cooling,* Del. Ch., 76 A.2d 1 (1950). Moreover, in the absence of an effective residuary gift, clause or language indicating an intention to create a residuary clause, the Court will not imply a legacy or a devise. *Cf. In Re Putney,* Del.Ch., 213 A.2d 57 (1965). Therefore, here, unlike the case where the will contains a residuary clause, the Decedent died intestate as to the residue of her estate. Compare *Wolcott v. Shaw,* Del.Ch., 2 A.2d 913 (1930).

In accordance with this result, the failure of this testamentary disposition results in the devolution of the residue pursuant to 12 *Del.C.* § 503(3). Title 12, Section 503(3) of the *Delaware Code* reads in pertinent part: "If there is no surviving issue or parent, to the brothers and sisters of the issue of each deceased brother or sister, per stirpes." The proper distribution, therefore, shall be made to Madelyn Seymour, sister of the Decedent, and the issue of the Decedent's deceased brothers and sisters, per stirpes.

IT IS SO ORDERED.