COURT OF CHANCERY
OF THE
STATE OF DELAWARE

DANIELLE GIBBS
LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 11400

Final Letter: June 16, 2026
Draft Letter: May 28, 2026

Thomas H. Kramer, Esquire
Offit Kurman, P.A.
222 Delaware Ave., Ste. 1105
Wilmington, DE 19801

Re: *In re Estate of Robert Marchlewicz, aka Bobby Marshall*,
C.A. No. 2025-1113-DG

Dear Counsel:

This final letter decision resolves the issues presented in Petitioner's petition for instruction—namely the issue of who are the beneficiaries to the Last Will and Testament of Robert Marchlewicz (the "Will"). I begin with a brief factual overview and then turn to an analysis of the Will.

## I.    FACTUAL BACKGROUND

Decedent Robert Marchlewicz ("Decedent") was a former state senator of Delaware.[1] He passed away on March 30, 2024.[2] He was divorced and left "no children living or dead, ha[d] no siblings living or dead, and his

---

[1] Pet. for Instructions ("Pet."), Dkt. 1 ¶ 1.

[2] *Id.*

parents are deceased."[3] Petitioner Henriestine "Trudi" Scheurer ("Petitioner") was "Decedent's administrative assistant and confidant" and maintained a relationship with Decedent "dating back to approximately 2013–2014."[4] Petitioner is the executrix of the Will.[5] Petitioner was unaware of her nomination until 2023, when she received a copy of the Will.[6]

## A.  The Will

Decedent executed the Will on November 17, 2020.[7] Two witnesses signed the Will, and it includes a notarized, self-proving affidavit.[8] The Will is a form, with blank spaces that Decedent filled in by hand.[9] In addition to the original entries, there are later-dated entries in the margins, added in 2021 and 2023.[10]

---

[3] *Id.* ¶ 10.

[4] *Id.* ¶ 2.

[5] Pet. Ex. 1 ("Will") at 4–5.

[6] *See* Pet. ¶¶ 12–13.

[7] Will at 7.

[8] *Id.* at 6–7.

[9] *See generally id.*

[10] *Id.*

Decedent's Will was submitted for probate on September 26, 2024.[11] The Register of Wills ("Register") met with Petitioner's counsel to discuss the Will on October 4.[12] The Register found that "the Will itself (but not the Codicil) is an original, self-proving document and shall be entered into probate."[13] But the Register determined that certain aspects of the Will are "constructively defective."[14]

According to the Register, the Will is defective in three ways. The Codicil dated 2023 is defective "because it lacks the requisite signatures of two witnesses."[15] Second, the Will lacks a residuary clause.[16] Finally, the contingency language present in Paragraph 4A of the Will created a question as to whether nonparty Amena Lewis is a beneficiary of the Will.[17]

Thus, the Register issued letters testamentary to Petitioner, but it directed her to "produce a Court order determining the Beneficiary or

---

[11] Pet. ¶ 19.

[12] *See In re Est. of Robert Marchlewicz, aka Bobby Marshall*, ROW (NCC) Folio No. 188290 AMM ("ROW Matter"), Dkt. 3.

[13] ROW Matter, Dkt. 7 ("Register Mem.") at 1.

[14] *Id.*

[15] *Id.* at 2 (citations omitted).

[16] *Id.*

[17] *Id.*

Beneficiaries of the estate."[18]  Accordingly, Petitioner filed a petition for instructions, on September 30, 2025.[19]  I held an evidentiary hearing on the petition on April 2, 2026, during which I asked counsel to prepare and file an inventory identifying an asset of the estate – real property in Lewes, Delaware – with the Sussex County ROW and to file evidence of pre-hearing notice to all interested parties on the docket.  On May 7 and May 22, counsel filed proof of filing an amended inventory and proof of pre-hearing notice to interested parties.  I took the matter under advisement as of May 22.

## II.    LEGAL STANDARD

"The Court of Chancery follows two principles in reviewing a will upon a petition for instructions:  '1) where the language of a will is unambiguous, the court must enforce its terms as written,' and '2) where the language used in a will is ambiguous, the court must give the language that meaning which will effectuate the intent of the testator.'"[20]  "If the language of a Will is 'clear and readily understandable,' extrinsic evidence is not considered."[21]  "Clear

---

[18] *Id.* at 1.

[19] Dkt. 1.

[20] *Re Brans*, 2017 WL 7048673, at *3 (Del. Ch. Dec. 1, 2017) (quoting *In re Will of Fleitas*, 2010 WL 4925819, at *4 (Del. Ch. Nov. 30, 2010)).

[21] *Id.* (citing *Miler v. Equitable Tr. Co.*, 32 A.2d 431, 434 (Del. 1943)).

intent, as expressed, is enforced, unless against legal policy."[22]  "Ambiguity exists 'when the terms in question are reasonable or fairly susceptible of different interpretations or may have two or more different meanings.'"[23]

## III.    ANALYSIS

The Will plainly names Petitioner as executrix.[24]  In this report, I interpret the Second, Third and Fourth Provisions of the Will, which make bequests and name beneficiaries.[25]

## A.    The Second Provision:  Tangible Personal Property

The Second Provision expresses clearly Decedent's intent.[26]  The first paragraph of the Second Provision bequeaths all of Decedent's

> household goods and furnishings, jewelry and other
> tangible personal property (except property used in
> a trade or business or money, bonds, stocks or other
> tangible evidence of intangible personal property)
> together with any policies of insurance relating

---

[22] *Id.* (citing *In re Est. of Kenton*, 1994 WL 698640, at *1 (Del. Ch. Oct. 21, 1994)).

[23] *Id.* (quoting *In re Will of Fleitas*, 2010 WL 4925819, at *5 (Del. Ch. Nov. 30, 2010)).

[24] Will at 4–5. The issue of the alternate executor is not before the Court. *See id.* at 5; *see also* Pet. ¶ 33.

[25] *See* Pet. ¶ 44 ("In view of the foregoing and pursuant to the directive of the Register, Petitioner respectfully requests this Court issue an Order interpreting the Will and determining the Beneficiaries of it."); Register Mem. at 1 (directing Petitioner to "produce a Court order determining the Beneficiary or Beneficiaries of the estate).

[26] Will at 1.

> thereto, to the person named or described in any written memorandum, which is in [Decedent's] handwriting or signed by [Decedent] and which identifies the tangible personal property and the person who is to receive it.[27]

The second paragraph of the Second Provision explains what happens if no such written memorandum exists or is produced. It states:

> In the absence of such a memorandum and with respect to tangible personal property not effectively disposed of by such a memorandum, I bequeath such tangible personal property together with all policies of insurance on such tangible personal property, to Henriestine T. Scheurer, if [] she survives [me] by thirty (30) days.

A handwritten addition sits beside paragraph 2. It states that the tangible personal property to be contingently bequeathed to Petitioner includes "checking acts + [unintelligible] WSFS RM 12/24/21."[28] Petitioner contends the unintelligible portion states "CD."[29] I express no opinion on this interpretation because, as Petitioner correctly notes, the entire handwritten entry is invalid; there is no evidence that the 2021 addition was properly witnessed.[30]

---

[27] *Id.*

[28] *Id.*

[29] *See* Pet. ¶ 23.

[30] *See, e.g.*, *In re Maull*, 1994 WL 374302, at *2–3 (Del. Ch. June 9, 1994).

Petitioner has not produced a written memorandum devising Decedent's tangible personal property. Accordingly, per the terms of the second paragraph, Petitioner is the beneficiary of Decedent's tangible personal property, and any insurance policies connected to that property.

## B. The Third Provision: Specific Bequests

Decedent made six bequests under the Third Provision. He gifted $100,000 to the Jeanne Jugan Residence, operated by the Little Sisters of the Poor, in Newark, Delaware.[31] He gifted $50,000 to each of Ava and Arielle Lewis.[32] Decedent devised a 2020 Ford Edge to his cousin, Valerie Elliot,[33] and a 2019 Chevrolet Corvette to his cousin, John Dudziec.[34] Decedent devised "all of [his] interest in Sycamore Street, LLC" to Petitioner.[35] Each of the foregoing beneficiaries also receives, to the extent it exists, "the insurance policy thereon or the proceeds thereof[.]"[36] The final handwritten

---

[31] Will at 2 ¶ (a).

[32] *Id.* ¶ (b). Ava and Arielle Lewis are Petitioner's nieces. Pet. ¶¶ 4–5.

[33] *Id.* ¶ (c).

[34] *Id.* ¶ (d).

[35] *Id.* ¶ (e). The Will originally listed other LLCs in this section as well, but they have been crossed out, as have other original entries in different sections of the Will. *Compare id.* ¶ (e), *with id.* at 2. *See also* 12 *Del. C.* § 208.

[36] Will at 2.

addition on page three of the Will, devises Decedent's personal WSFS checking account to Petitioner.[37]

The Register took no issue with the bequests in the Third Provision,[38] nor do I. All of the handwritten entries appear to be part of the original Will and the self-proving affidavit contains contact information for Decedent's WSFS account.[39]

The sole issue relating to the bequests in the Third Provision is that the two vehicles Decedent purported to devise there were sold before Decedent's passing.[40] This created an ademption. "An ademption occurs when a specific gift of real or personal property in a will is no longer available for delivery to a named beneficiary or beneficiaries because the testator lost or conveyed it prior to his death."[41] When ademption occurs, the specific devise is revoked.[42]

The two vehicles listed in the Third Provision are no longer available for delivery to the named beneficiaries. Accordingly, "the [W]ill is to be read

---

[37] *Id.* at 3 (below paragraph (e)).

[38] *See* Register Mem. at 1 (stating that "the Will itself (but not the Codicil) is an original, self-proving document and shall be entered into probate").

[39] *See* Will at 7.

[40] *See* Pet. ¶ 25.

[41] *In re Burke Est.*, 2016 WL 4217752, at *3 (Del. Ch. Aug. 10, 2016).

[42] *See id.* at *4.

as though the bequest[s] ha[ve] been expunged from" it.[43] The named beneficiaries of these bequests are no longer beneficiaries of the Will unless an interest is created elsewhere in the Will or by law.[44]

## C.    The Fourth Provision:  Bequests of Real Property

The Fourth Provision is the last that contains specific bequests.  In the first sentence of Paragraph A of the Fourth Provision, Decedent "give[s] and devise[s], absolutely and in fee simple, real estate known as 209 E. Market Street, Lewes (Beach), Delaware 19958" and "508 Harlan [Boulevard], [Unit] 210, Wil[mington], DE" to Petitioner.[45]  The next sentence of Paragraph A states:  "If Amena Lewis shall predecease me, I give and devise my real estate to Ava and Arielle Lewis, if he/she shall survive me, subject to any mortgages, liens, or encumbrances existing on such property at the time of my death."[46]

The Register found it unclear from the second sentence in Paragraph A "whether Amena Lewis is a beneficiary."[47]  The Register observed that the

---

[43] *In re Hobson's Est.*, 456 A.2d 800, 802 (Del. Ch. 1982).

[44] *See In re Burke Est.*, 2016 WL 4217752, at *4–5 (finding a party whose sole interest in the will was adeemed is no longer a beneficiary of that will).

[45] Will at 2.

[46] *Id.*  Petitioner pleads that Amena Lewis is the mother of beneficiaries Ava and Arielle Lewis and is also Petitioner's sister.  *See* Pet. ¶¶ 3–5.

[47] *See* Register Mem. at 2.

second sentence of Paragraph A would commonly state Decedent's intent should *Petitioner* predecease him.[48] Even if that it so, I do not believe it is relevant under the circumstances. Neither Petitioner nor Amena Lewis died before Decedent; both are alive today.

Thus, I need not consider the import of the second sentence of Paragraph A.[49] Decedent's intent is clearly expressed in the first sentence of Paragraph A. He clearly devised the two real properties to Petitioner.[50]

## D. The Lack of a Residual Clause

The Register noted that Decedent's Will lacks a residual clause, and he correctly explained that the residue of Decedent's estate, if any, will pass in accordance with Delaware's intestacy statute.[51] Whether the estate has

---

[48] *Id.*

[49] As previously noted, Decedent made cash bequests to Ava and Arielle Lewis. *See* Will at 2. One possible interpretation of the second sentence of Paragraph A is that Decedent wished to provide additional support to minors Ava and Arielle Lewis in the event they lost their mother, Amena Lewis, before Decedent's death. Happily, for all concerned, this did not happen, and I do not need to reach that issue.

[50] *Id.*

[51] *See, e.g.*, *In re Hobson's Est.*, 456 A.2d at 803 ("[W]here a will contains no effective residuary clause and a devise or legacy lapses or is void for any reason and some residue remains, the assets go to the heirs or next of kin as in the case of intestacy.") (citations omitted).

residuary assets and the identity of Decedent's next of kin are not issues pending before the Court.[52]

## IV.  CONCLUSION

I conclude that the beneficiaries of Decedent's Will are:

- Petitioner, as to the devises in the Second, Third, and Fourth Provisions;

- The Jeanne Jugan Residence, in Newark, Delaware, as to the devise of $100,000 under the Third Provision;

- Ava Lewis, as to the devise of $50,000 under the Third Provision;

- Arielle Lewis, as to the devise of $50,000 under the Third Provision; and

- Defendants' next of kin, to the extent of any residuary assets, under the intestacy statute.[53]

---

[52] For the sake of completeness, however, I note that there may be minimal residuary assets, *see* Tr. at 28–29, and that the Petition alleges Decedent's intestate heirs to include Valerie Elliot and John Dudziec.  Pet. ¶ 8.

[53] *See* 12 *Del. C.* § 503.

This is a Final Report under Court of Chancery Rule 144(b)(3).


Very truly yours,

/s/ *Danielle Gibbs*

Magistrate in Chancery



cc:    Jeanne Jugan Residence, Little Sisters of the Poor (by mail)
Valerie Elliot (by mail)
John Dudziec (by mail)
Amena Solomon (via trudischeurer@gmail.com)